914 F.2d 250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wanda WITHERSPOON, Plaintiff-Appellant,
v.
THE UNION MEMORIAL HOSPITAL, Defendant-Appellee.
 No. 89-2128.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 2, 1990.
Decided Sept. 21, 1990.
Rehearing and Rehearing In Banc Denied Oct. 17, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (C/A No. 89-795-R).
 Wanda Witherspoon, appellant pro se.
 Bruce Stephen Harrison, Mark Jay Swerdlin, Shawe & Rosehthal, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and HARRISON L. WINTER,* Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Wanda Witherspoon appeals from the district court's order granting summary judgment to the defendant employer in her action based on Title VII, 42 U.S.C. Secs. 2000e et seq., and 42 U.S.C. Sec. 1981. Witherspoon alleged that she was discharged in retaliation for filing a grievance and that she was discriminated against because of her race. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Witherspoon v. Union Memorial Hospital, C/A No. 89-795-R (D.Md. June 26, 1989).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Senior Judge Winter was assigned to the panel, but died before the case was decided. The case is decided by a quorum of the panel. 28 U.S.C. Sec. 46(d)
 
 
 *
 We note that even though Witherspoon did not obtain a right to sue letter until after the district court granted summary judgment, we have reviewed her action on its merits. See Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1093 (4th Cir.1982); Pinkard v. Pullman-Standard, 678 F.2d 1211, 1219 (5th Cir.1982), cert. denied, 459 U.S. 1105 (1983)